## Gohn's License.

*Liquor law—Retail license—Refusal of license—Necessity—Discretion of court—Remonstrances.*

An order refusing a retail liquor license will not be reversed where the judge in the lower court states that the license was not necessary, taking into consideration the number of existing licensed places; and this is the case although the record shows that no remonstrances had been filed.

Argued May 4, 1914. Appeal, No. 141, April T., 1914, by Albert L. Gohn, from order of Q. S. Somerset Co., Feb. T., 1914, No. 72, refusing a retail liquor license. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Petition for a retail liquor license.

RUPPEL, P. J., made the following order:

These two applications come with strong recom-

mendations and especially with reference to the fitness of the applicants and the character of the houses. They have an additional argument in their favor, that their houses are located in East Windber, whereas all the other licenses are in the western portion of the town; but in view of the fact that there are fully as many licensed houses now as are warranted under the law, the court could not consistently grant these licenses without refusing some of the old houses, and there is nothing to justify the court in taking such a course at this time. There is no evidence before the court that the public, both as to accommodation for travelers and as to drinking, cannot be accommodated satisfactorily by the houses now in existence; and under all the circumstances the court is obliged to refuse these licenses.

*Error assigned* was in refusing license.

*Alexander King*, with him *Scott & Scott*, for appellant.

No printed brief for appellee.

PER CURIAM, May 14, 1914:

The proceedings in this case, as shown by the record, were entirely regular, and no complaint is, or can be made by the appellant, on that score. True, there was no remonstrance, but it is as well settled as anything can be, that no inference of error of law or of abuse of discretion in refusing a liquor license, arises from that fact. Nor is there anything in the opinion filed by the court which warrants an inference that the court proceeded on an erroneous theory as to the nature and extent of its discretionary power or as to the legal principle governing its exercise. On the contrary, the opinion affirmatively shows that the license was refused because the court concluded that it was not necessary, taking into consideration, as the court was justified in doing, the number of existing licensed places. Presumably

this conclusion was warranted by the facts proved or within the knowledge of the court, and on this appeal must be accepted as final. The proceedings being regular and abuse of discretion not being shown, the order must be affirmed.

Order affirmed.